**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| **BARBARA NANCE,** | * |
| **Plaintiff,** | * |
| **v.** | Case No.: PWG-14-1434 |
| | * |
| **MARYLAND DEPARTMENT OF** | |
| **JUVENILE SERVICES,** *et al.*, | * |
| **Defendants.** | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION[1]

Plaintiff, an independent contractor working for a state agency, has filed this suit under federal and Maryland law alleging discrimination on the basis of race, national origin, age, and disability when she was denied a position as a state employee on several occasions.  Defendants have moved to dismiss on the grounds that, *inter alia*, Plaintiff did not exhaust her administrative remedies before filing a civil action.  Because Plaintiff filed her complaint more than ninety days after receiving a right-to-sue letter from the U.S. Equal Opportunity Employment Commission and more than two years after the last discriminatory action alleged, I find that both her federal and state claims are untimely and grant the motion.

---

[1] This Memorandum Opinion disposes of Defendants Maryland Department of Juvenile Services and Secretary of Juvenile Services Sam J. Abed's Motion to Dismiss ("Defs.' Mot."), ECF No. 11, and supporting Memorandum ("Defs.' Mem.").  Plaintiff has not filed a response to the motion and the time to do so has passed.  Loc. R. 105.2(a).

## I.    BACKGROUND

For purposes of considering Defendant's Motion, this Court accepts the facts that Plaintiff alleged in her Complaint as true.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Barbara Nance is a sixty-five-year-old registered nurse.  Compl. ¶ 6, ECF No. 2.  Nance suffers from "lumb[a]r spinal stenosis, diabetes mellitus, coronary artery disease, bilateral knee degenerative joint disease, and peripheral vascular disease.  These severe medical conditions . . . impede her ability to walk. . . . For this reason, she can only walk very short distances" with assistance.  *Id.* ¶ 7.

From 1990 to 2011, Nance worked as a registered nurse for Defendant Maryland Department of Juvenile Services (the "Department"), which classified her as an independent contractor.  *Id.* ¶¶ 8, 16–17.  During this time, Nance received "satisfactory" evaluations and "excellent recommendations" from some of her colleagues, and never was reprimanded.  *Id.* ¶¶ 9–10.  Nance alleges that she should not have been treated as an independent contractor, that she essentially was an employee of the Department, and that she was classified as an independent contractor for the purpose of "depriving her of benefits."  *Id.* ¶¶ 17–19.

Nance applied for nurse positions within the Department on several occasions: in 2005; in December 2007; in March, October, November, and December 2008; and in May 2010.  *Id.* ¶ 20.  Nance was not offered a position, and the only time she was interviewed was in connection with her application in October 2008.  *Id.* ¶¶ 21, 23.  Nance did well in the 2008 interview, "and her recorded interview showed that she was a good candidate, as articulated by the interviewer." *Id.* ¶ 23.  After the October 2008 interview, Nurse Manager Kay Schoo "jokingly asked Ms. Nance and another similarly situated nurse, 'Why are you old nurses applying for state jobs?'" *Id.* ¶ 24.

In or around August 2011, a state-employed nurse resigned, and Nance asked Rebecca Pender about the vacated position; "Pender responded that Juvenile had a hiring freeze." *Id.* ¶ 22.[2] Also in 2011, Pender saw Nance struggling with her disability "during one of her severe manifestations, and asked Ms. Nance, "Oh my Goodness, how long do you think you gonna continue to work here?" *Id.* ¶ 26.

Nance never was offered a position as a full-time state employee, and she alleges that "Most or all the nurses hired by the [Department] as regular employees were much younger than Ms. Nance and were of a different color and national origin than Ms. Nance." *Id.* ¶ 25. Nance does not allege her race or national origin.

Nance alleges that she "has exhausted all administrative remedies," but has not alleged any specific claims advanced in the U.S. Equal Opportunity Employment Commission ("EEOC") or the Maryland Commission on Civil Rights.

Nance filed her five-count complaint against the Department and Secretary of Juvenile Services Sam J. Abed on September 9, 2013 in the Circuit Court for Prince George's County, alleging (I) discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Maryland law;[3] (II) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Maryland law; (III) national origin discrimination in violation of Title VII of the Civil Rights

---

[2] The Complaint does not contain any allegation regarding Pender's position, but exhibits provided by Defendants describe her as a "Nursing Supervisor." Charge of Discrimination ("EEOC Charge"), Defs.' Mem. Ex. 1, ECF No. 11-2. Though by no means clear from the record, I will assume for the purposes of this motion that Pender would qualify as a "supervisor" under *Vance v. Ball State University*, 133 S. Ct. 2434 (2013).

[3] In pleading causes of action under Maryland law, Nance consistently cites to "Article 49 of the Annotated Code of Maryland." *See* Compl. Presumably, Nance intended to cite to Article 49B of the old numbered articles that composed the Annotated Code of Maryland, which has been transferred to Title 20 of the State Government Article of the Annotated Code of Maryland. *See* 2009 Md. Laws ch. 120; *see also* Fed. R. Civ. P. 8(e).

Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and Maryland law; (IV) race/color discrimination in violation of Title VII and Maryland law; and (V) race/color discrimination in violation of Title VII and Maryland law, citing also to the Fair Labor Standards Act ("FLSA"). Defendants removed to this Court on April 29, 2014, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331. Notice of Removal, ECF No. 1.

On May 6, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defs.' Mot., ECF No. 11, with a supporting Memorandum, Defs.' Mem., ECF No. 11-1. Nance has not responded and the time to do so has passed. Loc. R. 105.2(a). Having reviewed the filings, I find a hearing is not required. Loc. R. 105.6.

## II.    STANDARD OF REVIEW

### A.  Rule 12(b)(1) Standard When Jurisdictional Facts Allegedly Are Untrue

A party may move to dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(1), which provides that a party may assert lack of subject matter jurisdiction by motion as a defense to a claim for relief. A Rule 12(b)(1) motion to dismiss may allege that "the jurisdictional allegations in the complaint are not true." *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (same). If the defendant alleges as much, then "the Court may . . . consider matters beyond the allegations in the complaint." *Fontell*, 2010 WL 3086498, at *3. The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment.").

When a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co*., 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011).  "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"  *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

### B. Rule 12(b)(1) Standard When Plaintiff Allegedly Failed to Allege Facts Upon Which Subject Matter Jurisdiction Can Be Based

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," as Defendants do here for failure to exhaust administrative remedies with regard to Nance's state-law claims, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration."  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lutfi v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013).  Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d 752, 758 (D. Md. 2013) (quoting *Kerns*, 585 F.3d at 192).  "[W]hen 'jurisdictional facts are inextricably intertwined with those [facts] central to the merits, the [district] court should resolve the relevant factual disputes only after appropriate discovery.'"  *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012) (quoting *Kerns*, 585 F.3d at 193).  This Court must act "on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).

### C.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.  *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

That said, "'factual allegations must be enough to raise a right to relief above a speculative level.'" *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545).  Particularly, the Court is not required to accept as true "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are merely conclusory, unwarranted deductions of fact or

unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted).

Additionally, a plaintiff fails to state a claim where the allegations on the face of the complaint

show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15

(2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th

Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the

existence of a meritorious affirmative defense").

## III.   DISCUSSION

Although Nance has not opposed the motion to dismiss, the "court nevertheless has an

obligation to review the motion[] to ensure that dismissal is proper." *Stevenson v. City of Seat*

*Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014).   Nance, in essence, has raised three

categories of claims: federal discrimination claims under the ADA, ADEA, and Title VII; state-

law discrimination claims arising under Title 20 of the State Government Article of the

Annotated Code of Maryland; and a purported discrimination claim arising under the FLSA.   I

will address each of these categories in turn.

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies

by bringing a charge with the EEOC." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th

Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)).

The same is true for claims under the ADA, *see Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d

637, 639 (D. Md. 2002), and the ADEA, *see Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 301

(4th Cir. 2009).   "[A] failure by the plaintiff to exhaust administrative remedies . . . deprives the

federal courts of subject matter jurisdiction over the claim." *Id.* (citing *Davis v. N.C. Dep't of*

*Corr.*, 48 F.3d 134, 138–40 (4th Cir. 1995)).

To exhaust her administrative remedies, a "charge must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the claimant has instituted proceedings with a state or local agency." *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388 (4th Cir. 2010).[4] If the EEOC dismisses or does not initiate a civil action based upon the charge, it must provide notice to the plaintiff, after which she has ninety days to initiate a lawsuit. 42 U.S.C. § 2000e-5(f)(1). "The scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents. 'Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit.'" *Jones*, 551 F.3d at 300 (internal citations omitted).

Nance has alleged that she "has exhausted all administrative remedies." Compl. ¶ 5. This normally would be sufficient under Fed. R. Civ. P. 9(c), which provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c); *Long v. Welch & Rushe, Inc.*, 29 F. Supp. 3d 446, 463 (D. Md. 2014). "Neither [*Ashcroft v.*] *Iqbal* nor [*Bell Atlantic Corp. v.*] *Twombly* purport to alter Rule 9." *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 112 (3d Cir. 2014).

However, Defendants argue that this allegation is not true and have provided factual support for their position—in the form of Nance's EEOC documents—that I may consider without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768. Nance's EEOC Charge describes two specific instances of alleged discrimination. *See* Charge of Discrimination ("EEOC Charge"), Defs.' Mem. Ex. 1, ECF No. 11-2. First, she alleges that a decision not to hire her as a state employee in 2008 was

---

[4] The 300-day period is available in Maryland because it is a so-called "deferral state" for the purpose of federal antidiscrimination laws. *See* 29 C.F.R. §§ 1601.13, 1601.74.

discriminatory (the "2008 Occurrence"), stating that, "Of the numerous applications I submitted, I was only granted one interview in December 2008.  After the interview, I was asked, 'Why are you old nurses applying for a state job?'"  *Id.*  Second, she states that in August 2011 (the "2011 Occurrence"), Nursing Supervisor Rebecca Pender said, "'OMG!  How long do you think that you will be able to work here?'" at the same time that she informed Nance that a recently vacated position was not available.  *Id.*[5]  Each of these specific decisions constitutes a "discrete act" for the purpose of measuring the timeliness of an EEOC charge.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111–13 (2002).

The EEOC Charge alleges age and disability discrimination only, and not race or national origin discrimination.  EEOC Charge.  "[A] claim in formal litigation generally will be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex."  *Jones*, 551 F.3d at 300.  Because Nance did not validly present her Title VII claims to the EEOC, those claims have not been exhausted and must be dismissed.

Further, Nance's remaining claims are time-barred.  Nance did not file her EEOC charge until April 5, 2012, EEOC Charge, well over 300 days after the 2008 Occurrence, but less than 300 days after the 2011 Occurrence.  Thus only the 2011 Occurrence validly was presented to the EEOC.[6]  Nance received a right-to-sue letter from the EEOC dated December 13, 2012.

---

[5] Though Nance could be clearer in her allegations, I construe this claim as asserting that there was, in fact, a vacancy available and that Pender falsely said that there was no vacancy because of Nance's disability.  Although the 2011 Occurrence clearly is described in the EEOC Charge, Defendants appear to disregard it completely in their motion.  *See* Defs.' Mem. 13 ("Plaintiff's charging document identifies only one specific date in which she applied for, and was denied, a position with the Department: December 2008.").

[6] Although it is not clear that Nance ever filed a complaint with the Maryland Commission on Civil Rights so as to entitle her to the longer, 300-day period in which to file an EEOC charge,

Dismissal and Notice of Rights ("Right-to-Sue Letter"), Defs.' Mem. Ex. 2, ECF No. 11-3.  Her

complaint, filed in September 2013, was well beyond the ninety-day period she had to file a civil

suit against Defendants.   Accordingly, all of Nance's federal discrimination claims are time-

barred and must be dismissed.[7]

Nance's state discrimination claims arise under Md. Code Ann., State Gov't § 20-

606(a)(1), which prohibits an employer to "fail or refuse to hire . . . any individual . . . because of

the individual's race, color, religion, sex, age, national origin, marital status, sexual orientation,

gender identity, genetic information, or disability unrelated in nature and extent so as to

reasonably preclude the performance of the employment."   A plaintiff may bring a civil action

for such a practice only if:

> (1) the complainant initially filed a timely administrative charge or a complaint
> under federal, State, or local law alleging an unlawful employment practice by the
> respondent;
> (2) at least 180 days have elapsed since the filing of the administrative charge or
> complaint; and
> (3) the civil action is filed within 2 years after the alleged unlawful employment
> practice occurred.

State Gov't § 20-1013(a).[8]   Even the 2011 Occurrence took place just over two years before the

filing of the complaint in September 2013, and thus Nance's state discrimination claims are time-

barred and must be dismissed as well.

---

Defendants have assumed that the 300-day period applies and, because it does not affect the
ultimate outcome of this case, I will do the same.

[7] Because I find that Nance did not properly exhaust her federal discrimination claims, I need not
address Defendants' sovereign immunity argument.  *See* Defs.' Mem. 7–9.

[8] State Gov't § 20-1007 also allows a plaintiff to elect a civil action within thirty days of a
finding by the Commission on Civil Rights of probable cause that an unlawful employment
practice has occurred.   However, there is no indication that such a finding has been made and
Nance, who bears the burden to demonstrate subject-matter jurisdiction, *Evans*, 166 F.3d at 647,
has neither alleged as much in her complaint nor responded to Defendants' statements to the
contrary.

Finally, in Count V Nance also appears to have tried to state a claim for discrimination under the FLSA.  However, the FLSA does not cover discriminatory practices, but rather addresses a range of "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers" overall.  29 U.S.C. § 202.  The FLSA covers issues such as establishing a minimum wage, 29 U.S.C. § 206, and setting maximum hours and rates of overtime pay, 29 U.S.C. § 207.  Although Nance clearly was displeased by her status as an independent contractor, she has not alleged anywhere in her complaint that she was not properly compensated for time worked, that she was deprived of overtime pay, or otherwise was subjected to violations of the FLSA.  Accordingly, to the extent she seeks to state a claim for FLSA violations, she has not done so and any such claim must be dismissed under Fed. R. Civ. P. 12(b)(6).  But because she is unrepresented and, unlike her time-barred discrimination claims, it is not clear that Nance could not state any claim under the FLSA, the dismissal will be without prejudice.

## IV.  CONCLUSION

For the aforementioned reasons, Defendants Maryland Department of Juvenile Services and Sam J. Abed's Motion to Dismiss will be GRANTED.  Plaintiff Barbara Nance's Complaint will be DISMISSED without prejudice with respect to any claims arising under the Fair Labor Standards Act, and otherwise will be DISMISSED with prejudice.

A separate order will issue.

Dated: <u>March 16, 2015</u>                                      _____/S/_____
                                                                  Paul W. Grimm
                                                                  United States District Judge

dsy